NATIONAL LABOR RELATIONS BOARD, Appellant,
v.
INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 12,
Appellee.

No. 15151.

United States Court of Appeals
Ninth Circuit.
April 10, 1957.

Theophill C. Kammholz, Gen. Counsel, Marcel Maliett-Prevost, Asst., Norton J. Come and William J. Avrutis, Washington, D. C., Henry W. Becker, Los Angeles, Cal., for appellant.

David Sokol, Los Angeles, Cal., for appellees.

Before CHAMBERS and HAMLEY, Circuit Judges, and WESTOVER, District Judge.

CHAMBERS, Circuit Judge.

This is a secondary boycott case. See Section 8(b) (4) (A) and (B) of the National Labor-Management Relations Act. 29 U.S.C.A. § 151 et seq.

In the background, from the standpoint of International Union of Operating Engineers, Local 12, (hereafter called the local) were unsatisfactory labor relations with two heavy earth working equipment dealers in the Los Angeles area. These concerns were the Crook Company and the Shepherd Machinery Company. Efforts had been made by the local to get a bargaining representative status and a union contract with them. All such efforts have failed.

As a part of local's campaign to represent the employees of the two companies, pickets were posted at their places of business. The lines were on occasion removed, but were generally in force in March, April and May, 1955.

Surviving through the board procedures of complaint, examiner's hearing, examiner's intermediate report, and the board's decision and order are incidents of local's union activity in the spring of 1955 involving Crook's customer, Crowell & Larson and Shepherd's customer, McCammon-Wunderlich Company. These customers were all in the Los Angeles area too. Of no concern here are charges of secondary boycott in other contemporaneous incidents which were dismissed by the board's final order.

The board seeks enforcement of its proposed order affecting the local. The local resists.

Initially, we have the question of the existence of the necessary commerce among the states as the foundation for the board's jurisdiction. Was the evidence on this issue, received over the local's objection, competent to prove it?

Bessich, general manager of the Crook Company, testified that the annual sales of equipment of his concern exceed one million dollars. At least nine-tenths of this equipment is brought into California from other states. He also said that Crook markets from California to other states about a hundred thousand dollars worth of equipment each year. Montgomery, the assistant general manager of Shepherd, supplied from his head quite similar figures for his company.

The respective managers testified as to the nature and extent of their employers' businesses over the objection: "No foundation laid. It isn't the best evidence. It is hearsay and calls for the conclusion of the witness."

The point seems to be that the Crook and Shepherd books should have been produced or perhaps a summary of them offered. "Best evidence" must always be equated to what one is trying to prove. It has a strong relation to reliability. As to the general nature or scope of a concern's business, we cannot say that the company books necessarily present the "best evidence." Moreover, we can say in the ordinary case that the intimate knowledge of a manager is more satisfactory than cluttering up the record with voluminous books or even summaries. Imagine bringing in the books of Sears, Roebuck and Co. to prove the contention that its business is interstate. However, we do not mean to say that the books would be immaterial or incompetent. If a respondent union wants the books or, in appropriate cases, summaries to challenge the oral testimony of him who supposedly knows the nature of the business, of course the processes of the board should be (and undoubtedly are) open.

Respondent local relies on our case of National Labor Relations Board v. Haddock-Engineers, Ltd., 215 F.2d 734. There, an employer's answer to a questionnaire was the proof offered to show that the business affected commerce among the states. As against the employer, this court held it was good. But to bind a union which could not cross examine a questionnaire seems untenable, and, we so held. We adhere to Haddock, but it is not applicable here.

The respondent challenges the findings of the board wherein it sustained the complaint with reference to two incidents, one affecting Crook and one affecting Shepherd.

Crook and Shepherd serviced generally with non-union employees the equipment each had sold to heavy work con-

tractors. The servicing frequently occurred on the job concurrently with the work activities of members of the local operating the equipment for the purchaser-contractor. Usually, the service was furnished because the seller (Crook or Shepherd) had given a service warranty for a period of time after the sale.

There is a sharp conflict in the evidence. If the testimony of the respondent's witnesses were fully credited, nothing happened which would justify the cease and desist order. But there was strong evidence the other way. Credited, as it was generally, the board's order is fully justified. This court should not and is not charged in its reviewing capacity with determining from a printed record, wherein the occurrences on the job are hotly disputed, who stopped the work (who put up the first thumb, the signal to stop) or whether there was any stoppage at all. Those, and kindred questions here, are matters not committed to us.

The order will be enforced as requested by the petitioner.